VI²ᵘ 530 ORiGiNal
530 FILED

1   **PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

2   Name FOSSELMAN       LORENZO       Jr.
        (Last)           (First)       (Initial)

3   Prisoner Number  P-13462      KERN VALLEY STATE PRISON

4   Institutional Address K.V.S.P  P.D. BOX 5101  DELANO  CA  93216

5

6   ==========================================================

7   **UNITED STATES DISTRICT COURT**
    **NORTHERN DISTRICT OF CALIFORNIA**                    **(PR)**

                                                           **VRW**

8   LORENZO FOSSELMAN JR.
    (Enter the full name of plaintiff in this action.)      **08      3617**
9
                                                           Case No. _____
10          vs.                                            (To be provided by the clerk of court)

11   M.S. EVANS  (WARDEN)                                  **PETITION FOR A WRIT**
                                                           **OF HABEAS CORPUS**
12   _____

13   _____

14   (Enter the full name of respondent(s) or jailor in this action)

15   ==========================================================

16                  Read Comments Carefully Before Filling In

17   When and Where to File

18          You should file in the Northern District if you were convicted and sentenced in one of these

19   counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa,

20   San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma.  You should also file in

21   this district if you are challenging the manner in which your sentence is being executed, such as loss of

22   good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

23          If you are challenging your conviction or sentence and you were not convicted and sentenced in

24   one of the above-named fifteen counties, your petition will likely be transferred to the United States

25   District Court for the district in which the state court that convicted and sentenced you is located. If

26   you are challenging the execution of your sentence and you are not in prison in one of these counties,

27   your petition will likely be transferred to the district court for the district that includes the institution

28   where you are confined. Habeas L.R. 2254-3(b).

1   <u>Who to Name as Respondent</u>

2        You must name the person in whose actual custody you are. This usually means the Warden or

3   jailor. Do not name the State of California, a city, a county or the superior court of the county in which

4   you are imprisoned or by whom you were convicted and sentenced. These are not proper

5   respondents.

6        If you are not presently in custody pursuant to the state judgment against which you seek relief

7   but may be subject to such custody in the future (e.g., detainers), you must name the person in whose

8   custody you are now <u>and</u> the Attorney General of the state in which the judgment you seek to attack

9   was entered.

10   <u>A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE</u>

11       1. What sentence are you challenging in this petition?

12          (a)   Name and location of court that imposed sentence (for example; Alameda

13              County Superior Court, Oakland):

14              SUPERIOR COURT OF STAnislaus County, MODESTO

15              Court                      Location

16          (b)   Case number, if known _____

17          (c)   Date and terms of sentence __12-13-02__

18          (d)   Are you now in custody serving this term? (Custody means being in jail, on

19              parole or probation, etc.)       Yes $\times$     No _____

20              Where?

21              Name of Institution: __K.V.S.P__

22              Address: __P.O. Box 5101   Deland CA   93216__

23        2. For what crime were you given this sentence? (If your petition challenges a sentence for

24   more than one crime, list each crime separately using Penal Code numbers if known. If you are

25   challenging more than one sentence, you should file a different petition for each sentence.)

26   __CAR JACKING  P.C. 215 , PETITIONER DOES NOT CHAllENGE__

27   __His CRiMiNAl CONViCTiON iN these PROCEEDINGS, This PETITION iS__

28   __CHAllENGiNG PRISON disciplINE.__

1   3. Did you have any of the following?

2       Arraignment:                                  Yes ‿        No _____

3       Preliminary Hearing:                          Yes ‿        No _____

4       Motion to Suppress:                           Yes _____    No ‿

5   4. How did you plead?

6       Guilty _____   Not Guilty ‿   Nolo Contendere _____

7       Any other plea (specify) _____

8   5. If you went to trial, what kind of trial did you have?

9       Jury ‿   Judge alone_____   Judge alone on a transcript _____

10  6. Did you testify at your trial?                 Yes _____    No ‿

11  7. Did you have an attorney at the following proceedings:

12      (a)   Arraignment                             Yes ‿        No _____

13      (b)   Preliminary hearing                     Yes ‿        No _____

14      (c)   Time of plea                            Yes ‿        No ‿

15      (d)   Trial                                   Yes ‿        No _____

16      (e)   Sentencing                              Yes ‿        No _____

17      (f)   Appeal                                  Yes ‿        No _____

18      (g)   Other post-conviction proceeding        Yes ‿        No _____

19  8. Did you appeal your conviction?                Yes _____    No _____

20      (a)   If you did, to what court(s) did you appeal?

21            Court of Appeal                         Yes ‿        No _____

22            Year: N/A      Result: Denied

23            Supreme Court of California             Yes ‿        No _____

24            Year: N/A      Result: N/A

25            Any other court                         Yes _____    No _____

26            Year: N/A      Result: N/A

27

28      (b)   If you appealed, were the grounds the same as those that you are raising in this

1    petition?                                    Yes _____    No _____

2    (c)    Was there an opinion?                 Yes _____    No _____

3    (d)    Did you seek permission to file a late appeal under Rule 31(a)?

4                                                 Yes _____    No ✓

5    If you did, give the name of the court and the result:

6    _____

7    _____

8    9. Other than appeals, have you previously filed any petitions, applications or motions with respect to

9    this conviction in any court, state or federal?          Yes ✕    No _____

10    [Note: If you previously filed a petition for a writ of habeas corpus in federal court that

11   challenged the same conviction you are challenging now and if that petition was denied or dismissed

12   with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit

13   for an order authorizing the district court to consider this petition. You may not file a second or

14   subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28

15   U.S.C. §§ 2244(b).]

16    (a)    If you sought relief in any proceeding other than an appeal, answer the following

17           questions for each proceeding. Attach extra paper if you need more space.

18    I.    Name of Court: _Monterey Superior Court (HC 5885)_

19          Type of Proceeding: _Habeas petition_

20          Grounds raised (Be brief but specific):

21          a. _Substantial Due Process Violation_

22          b. _Substantial Due process Violation_

23          c. _____

24          d. _____

25          Result: _Denied_          Date of Result: _10-26-07_

26    II.   Name of Court: _Court of Appeals 6th District (H032286)_

27          Type of Proceeding: _Habeas petition_

28          Grounds raised (Be brief but specific):

PET. FOR WRIT OF HAB. CORPUS          - 4 -

1                     a. _Substantial Due Process_____

2                     b. _Substantial Due Process_____

3                     c._____

4                     d._____

5                     Result: _Denied_____Date of Result: 12-13-07

6          III.   Name of Court: California Supreme Court (S160366)

7                 Type of Proceeding: Habeas petition

8                 Grounds raised (Be brief but specific):

9                    a. _Substantial Due Process_____

10                  b. _Substantial Due Process_____

11                  c._____

12                  d._____

13                  Result: _Denied_____Date of Result: 7-9-08

14          IV.   Name of Court: _____

15                 Type of Proceeding: _____

16                 Grounds raised (Be brief but specific):

17                    a._____

18                  b._____

19                  c._____

20                  d._____

21                 Result: _____Date of Result:_____

22      (b)   Is any petition, appeal or other post-conviction proceeding now pending in any court?

23                                  Yes _____   No X

24          Name and location of court: _____

25  **B. GROUNDS FOR RELIEF**

26       State briefly every reason that you believe you are being confined unlawfully. Give facts to

27  support each claim. For example, what legal right or privilege were you denied? What happened?

28  Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you

1    need more space. Answer the same questions for each claim.

2        [Note: You must present ALL your claims in your first federal habeas petition. Subsequent

3    petitions may be dismissed without review on the merits. 28 U.S.C. §§ 2244(b); McCleskey v. Zant,

4    499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).]

5        Claim One: Substantial Due process.

6    

7        Supporting Facts: petitioner was issued a Rules Violation Report

8    (here-after the R.V.R) in Retaliation for him filing a grievance & sending

9    it directly to the warden. said R.V.R is supposedly for

10    petitioner not speaking during a facility interview/interrogation

11    Claim Two: Substantial Due process.    (→ cont. next page)

12    

13    Supporting Facts: On (or) about January 19th 2007 staff sergeant

14    J. Mending issued petitioner his 2nd Rules Violation Report (Log#

15    C-07-01-0044 See: Ex. D ) In further retaliation for

16    petitioner exercising his constitutionally protected rights to

17    Claim Three:    → ( cont. at pg 6. Claim Two )

18    

19    Supporting Facts:

20    

21    

22    

23        If any of these grounds was not previously presented to any other court, state briefly which

24    grounds were not presented and why:

25    Both grounds were properly exhausted in State Court

26    See: In re Lorenzo Fosselman Jr. On habeas Corpus (S160366)

27    Denial order attached at : Ex: 1

28    And Administrative remedies were exhausted Ex: 1

PET. FOR WRIT OF HAB. CORPUS        - 6 -

1  Claim One: Substantial Due process Cont'

2

3  and for petitioner choosing not to sign a compatibility/promise

4  to behave chrono" which is not a valid rule or regulation

5  identified in the Cal. Code of Reg. Tit # 15.

6

7       On (or) about 1-7-07 petitioner received this first R.V.R.

8  and the charge was recurring failure to meet program

9  Expectations See: Ex __A__, supposedly ~~was~~ authored by

10  c/o B. Chavez on 1-4-07 from events which arose on

11  (or) about 12-26-06, the report reads petitioner declined

12  to speak during an interview being conducted by c/o

13  B. Chavez, as well as, petitioner declined to sign the

14  compatibility/promise to behave/waiver of rights chrono. It is

15  the belief of petitioner that the R.V.R. was issued in

16  retaliation for the grievance petitioner sent to warden Evans

17  on 12-28-06 concerning his staff arbitrarily restricting

18  petitioner's privileges & state created liberties without

19  affording him due-process (see Ex __B__  )

20       On 1-11-07 Lt. J. Celaya found petitioner guilty

21  of this false R.V.R. and imposed discipline see Ex __C__,

22  Even though he knew or reasonably should have known

23  that a prisoner cannot legitimately be disciplined by staff

24  for declining to give statements, answer questions, speak in

25  a certain fashion or sign documents during facility

26  interviews/interrogations.

27

28

                6.) cont'

1  Claim Two: Substantial Due Process Continued

2

3  free speech by ~~declining~~ to speak in a certain fashion during
4  facility interviews & declining to sign documents, and petitioner's
5  5th Amendment rights to remain silent during official interrogations
6  concerning matters which reasonably may be self incriminating.
7        In 2-22-07, LT. E. Moore found petitioner guilty of this
8  false R.V.R. & imposed discipline SEE: EX E, even though he
9  knew or reasonably should have known that this was a false
10  R.V.R. because there's 'No Rule or Regulation which allows staff
11  to discipline a prisoner for not speaking or signing documents
12  SEE EX F, petitioner is informed therefore believes, there
13  fore alleges that a conspiracy was being waged by S.V.S.P
14  administration & their Agents against petitioner to chill his
15  Constitutional Rights.

16

17

18

19

20

21

22

23

24

25

26

27

28

(6) Cont-

1    List, by name and citation only, any cases that you think are close factually to yours so that they

2    are an example of the error you believe occurred in your case. Do not discuss the holding or reasoning

3    of these cases:

4    Hines V. Gomez  108 F.3d 265 (9Th cir 1997)  Daniels V. Williams 474 US 327

5    (1986)  Cornell V. Woods 69 F.3d 1383 (8th cir 1995)  Woods V. Smith 60,

6    F.3d  1161, 1165 (5th cir 1995)

7    Do you have an attorney for this petition?                          Yes_____    No✗

8    If you do, give the name and address of your attorney:

9    _____

10   WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in

11   this proceeding. I verify under penalty of perjury that the foregoing is true and correct.

12

13   Executed on  7-21-08                          Lorenzo Fesieh Jr.

14              Date                               Signature of Petitioner

15

16

17

18

19

20   (Rev. 6/02)

21

22

23

24

25

26

27

28

PET. FOR WRIT OF HAB. CORPUS        - 7 -

— SUPREME COURT ORDER

— SUPERIOR COURT ORDER

And

(2) DIRECTOR'S level appeal Decisions

with RESPECT TO   RVR  LOG #SVSP.C-06-12.004E

And    RVR  LOG # SVSP C07-01-044

(2ND)

— COURT OF appeals ORDER —

# Exhibit

1

S160366

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

In re LORENZO FOSSELMAN, JR., on Habeas Corpus

The petition for writ of habeas corpus is denied.

SUPREME COURT
**FILED**

JUL  – **9** 2008

Frederick K. Ohlrich Clerk

_____
Deputy

**GEORGE**
_____
Chief Justice



IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

Court of Appeal - Sixth App. Dist.
**F I L E D**

**DEC 1 3 2007**

MICHAEL J. YERLY, Clerk

By _____
**DEPUTY**

In re LORENZO FOSSELMAN, JR.,

on Habeas Corpus.

H032286
(Monterey County
Super. Ct. No. HC5885)

BY THE COURT:

The petition for writ of habeas corpus is denied.

(Premo, Acting P.J., Elia, J., and Duffy, J., participated in this decision.)

Dated ___ **DEC 1 3 2007** ___          ___ PREMO, **J.** ___ Acting P.J.

FILED

OCT 2 6 2007

CONNIE MAZZEI
CLERK OF THE SUPERIOR COURT
NOEMI P. BECERRA DEPUTY

1    SUPERIOR COURT OF CALIFORNIA

2    COUNTY OF MONTEREY

3

4    In re                          )    Case No.: HC 5885
                                     )
5        Lorenzo Fosselman, Jr.      )    ORDER
                                     )
6                On Habeas Corpus.   )
      _____)

7

8           On August 29, 2007, Petitioner Lorenzo Fosselman, Jr. filed a petition for writ of habeas

9    corpus.

10          Petitioner is currently incarcerated at Salinas Valley State Prison (SVSP) in Soledad.

11          Petitioner was issued two separate Rules Violation Reports for recurring failure to meet

12   program expectations (Cal. Code Regs., tit. 15, Section 3005(b)). The first Rules Violation

13   Report is Log No. C06-12-0043 dated January 4, 2007. The second Rules Violation Report is

14   Log No. C07-01-0044 dated February 7, 2007.

15          On January 11, 2007, Petitioner was found guilty of recurring failure to meet program

16   expectations. (See RVR Log No. C06-12-0043.) On February 22, 2007, Petitioner was found

17   guilty of recurring failure to meet program expectations. (See RVR Log No. C07-01-0044.)

18          Petitioner claims that he was improperly found guilty of recurring failure to meet

19   program expectations on January 11, 2007 and February 22, 2007 respectively.

20          Petitioner's claim with respect to RVR Log No. C07-01-0044 fails because he has failed

21   to exhaust his administrative remedies. *In re Muszalski* (1975) 52 Cal.App.3d 500, 508.

22   Petitioner failed to submit an inmate appeal to the second level regarding the guilty finding on

23   February 22, 2007. (RVR Log No. C07-01-0044.)

24

25

1

1   Petitioner's claim with respect to RVR Log No. C06-12-0043 also fails. A prison
2   administrator's decision to revoke behavior credits and inmate privileges must be based on some
3   evidence. *Superintendent v Hill* (1985) 472 U.S. 445, 455.

4   There is some evidence that supports the Senior Hearing Officer's guilty finding on
5   January 11, 2007 of recurring failure to meet program expectations. The evidence used to render
6   the finding included the Rules Violation Report authored by Correctional Officer B. Chavez,
7   which stated in part, "On 12/22/06, at approximately 1030 hours, you inmate Fosselman, (P-
8   13462, C8-127), failed to participate in the facility interviews. Interviews are designed to gather
9   information and assist the administration with returning the facility to normal program…On
10  12/26/06, you were instructed to interview and again failed to comply…" Inmates are required
11  to obey orders, to submit to cell and body searches, and to be questioned relative to their safety
12  and involvement, or face possible disciplinary action. Moreover, Petitioner did not request any
13  evidence or witnesses to be produced on his behalf at the hearing.

14  The petition is denied.

15  IT IS SO ORDERED.

16  Dated:  10-26-07

18  Hon. Stephen A. Sillman
    Judge of the Superior Court

2

## CERTIFICATE OF MAILING

### C.C.P. SEC. 1013a

I do hereby certify that I am not a party to the within stated cause and that on

_____ **OCT 2 9 2007** _____ I deposited true and correct copies of the following document:

ORDER in sealed envelopes with postage thereon fully prepaid, in the mail at Salinas,

California, directed to each of the following named persons at their respective addresses

as hereinafter set forth:

Lorenzo Fosselman, Jr. P-13462
Salinas Valley State Prison
P.O. Box 1050
Soledad, CA 93960

Dated: **OCT 2 9 2007**

Connie Mazzei,
Clerk of the Court

By: _____
Deputy
NOEMI P. BECERRA

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

## DIRECTOR'S LEVEL APPEAL DECISION

Date: AUG 0 8 2007

In re:  Fosselman, P-13462
Salinas Valley State Prison
P.O. Box 1020
Soledad, CA 93960-1020

IAB Case No.: 0615346          Local Log No.: SVSP 07-01304

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner R. Floto. All submitted documentation and supporting arguments of the parties have been considered.

**I  APPELLANT'S ARGUMENT:** The appellant is submitting this appeal relative to CDC Form 115, Rules Violation Report (RVR), Log #C07-01-0044, dated January 19, 2007, for "Recurring Failure to Meet Program Expectations," a Division "F" offense. He contends that the charge constitutes stacking as he was issued an RVR for the same infraction two weeks prior. He requests dismissal of the RVR.

**II  SECOND LEVEL'S ARGUMENT:** The reviewer found that time constraints were not met in the adjudication of the RVR; therefore, no forfeiture of credit was assessed as a penalty portion of in the RVR. The appellant was afforded due process, including a fair and unbiased hearing. On January 19, 2007, the appellant refused to comply as ordered to participate in the interview process as required in the "un-lock" protocol. The appellant as with all inmates must participate in the interview process. He may during the interview may choose to participate in the process and help to solve the crisis or may elect to not provide information. The appellant was found guilty based upon a preponderance of evidence by an impartial Senior Hearing Officer (SHO). The appellant is a participant in the Mental Health Services Delivery System at the Correctional Clinical Case Management System (CCCMS), and it was determined that his actions were not related to his condition and should not be considered in the penalty. The appellant did not meet the criteria for the assignment of an Investigative Employee to assist in the gathering of evidence. The appellant did not meet the criteria for the assignment of a Staff Assistant as there was no need for a confidential relationship; the issues are not complex; and the appellant is not illiterate and understands English. Stacking is defined as charging an inmate with multiple violations, which warrants a single report. If there is no nexus between the violations then separate disciplinary actions may be initiated even though the discovery may have been simultaneous. Additionally, separate disciplinary actions may be initiated for similar acts if they occur at different times.

**III  DIRECTOR'S LEVEL DECISION:** Appeal is denied.

**A.  FINDINGS:** The appellant was afforded process in the adjudication of the RVR, but not all procedural guidelines were met. Therefore, no forfeiture of credit was assessed in the penalty assessment of the RVR. A preponderance of evidence was established by an impartial SHO to sustain the guilty finding. Reports reflect that the appellant has presented no new or compelling evidence in the appeal, which would warrant a modification of the decision reached by the institution.

**B.  BASIS FOR THE DECISION:**
California Code of Regulations, Title 15, Section: 3005, 3315, 3320, 3323

**C.  ORDER:** No changes or modifications are required by the institution.

FOSSELMAN, P-13462
CASE NO. 0615346
PAGE 2

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:    Warden, SVSP
       Appeals Coordinator, SVSP

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

## DIRECTOR'S LEVEL APPEAL DECISION

Date:

In re:    Fosselman, P-13462
Salinas Valley State Prison
P.O. Box 1020
Soledad, CA 93960-1020

IAB Case No.: 0613580          Local Log No.: SVSP 07-01064

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner R. Floto.  All submitted documentation and supporting arguments of the parties have been considered.

I    **APPELLANT'S ARGUMENT:** The appellant is submitting this appeal relative to CDC Form 115, Rules Violation Report (RVR), Log #C06-12-0043, dated December 26, 2006, for "Recurring Failure to Meet Program Expectations," a Division "F" offense. It is the appellant's position that he is not guilty of the RVR as charged. He alleges that the evidence does not support the charge. The appellant requests dismissal of the RVR.

II    **SECOND LEVEL'S ARGUMENT:** The reviewer found that the appellant was afforded all of his due process rights, including a fair and unbiased hearing. On December 26, 2006, the appellant refused to report to participate in the mandatory interview process at the institution after an incident.  He was provided another opportunity and refused to comply.  The appellant was found guilty based upon a preponderance of evidence by an impartial Senior Hearing Officer (SHO).  The appellant is a participant in the Mental Health Services Delivery System at the Correctional Clinical Case Management System (CCCMS), and it was determined that his actions were not related to his condition and should not be considered in the penalty.  The appellant did not meet the criteria for the assignment of an Investigative Employee to assist in the gathering of evidence. The appellant did not meet the criteria for the assignment of a Staff Assistant as there was no need for a confidential relationship; the issues are not complex; and the appellant is not illiterate and understands English. The appellant waived that witnesses be present at the hearing.

III    **DIRECTOR'S LEVEL DECISION:** Appeal is denied.

    **A. FINDINGS:** The appellant was afforded all due process rights in the adjudication of the RVR and all procedural guidelines were met.  A preponderance of evidence was established by an impartial SHO to sustain the guilty finding. Reports reflect that the appellant has presented no new or compelling evidence in the appeal, which would warrant a modification of the decision reached by the institution.

    **B. BASIS FOR THE DECISION:**
California Code of Regulations, Title 15, Section: 3005, 3315, 3320, 3323

    **C. ORDER:** No changes or modifications are required by the institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:    Warden, SVSP
Appeals Coordinator, SVSP

Rules Violation Report
Log # C·06·12·0043

Exhibit

A

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS

# RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|
| P-13462 | FOSSELMAN | 10/17/15 | S.V.S.P. | C8-127 | C06-12-004 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| C.C.R. §3005(b) | Recurring Failure to Meet Program Expectations | Fac "C" Build. 8 | 12/26/06 | 1030 |

CIRCUMSTANCES

On 12/22/06, at approximately 1030 hours, you Inmate FOSSELMAN, (P-13462, C8-127), failed to participate in the facility interviews. Interviews are designed to gather information and assist the administration with returning the facility to a normal program. By failing to interview the administration is unable to determine the threat you pose to other inmates or staff and or having any information relative to the incident (criminal gang activity which occurred) that requires the interview process per D.O.M. 55015 Unlock Protocol. Based on this, it appears that you are promoting the activity or organized criminal/gang/disruptive group activity, which occurred that required an investigation/interview process to be implemented. As a general population inmate, you are expected to comply with departmental policy, rules and regulations as well as institutional procedures. State and Federal Laws. By failing to participate in the interview process, you are willfully indicating that you may have information and could actively be participating and promoting in organized criminal gang/disruptive group activity. You were non-receptive to counseling. On 12/26/06, you were instructed to interview and again failed to comply. Based on the nature of the incident your refusal to participate in the review process, you are promoting organized criminal gang/disruptive group activity. You are instructed to comply with the interview process. Failure to do so will continue to result in progressive discipline. Inmate FOSSELMAN **[is] [is not]** a participant in the Mental Health Services Delivery System.

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| ► B. Chavez, Correctional Officer | 01/04/07 | C8 Floor Officer | T/F |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING | |
|---|---|---|---|
| ► | | DATE | LOC. |

| CLASSIFIED | OFFENSE DIVISION | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE  ☒ SERIOUS | F | 1/4/7 | ► | ☐ HO  ☐ SHO  ☐ SC  ☐ FC |

## COPIES GIVEN INMATE BEFORE HEARING

| ☒ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT | | |
|---|---|---|---|---|---|---|
| | ► | 1/9 | 0715 | | | |
| ☐ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) ► | DATE | TIME | BY: (STAFF'S SIGNATURE) ► | DATE | TIME |

HEARING

Plea: The charges were read aloud as written to Inmate Fosselman who acknowledged understanding the charges and entered a plea of Not Guilty.

Findings: Inmate Fosselman was found Guilty of violating CCR§ 3005(b); "Recurring Failure to Meet Program Expectations." Assessed 30 days forfeiture of behavioral credits, consistent with a Division 'F' offense (CCR§ 3323(h)(3)); Assessed 90 days loss of privileges: No yard access, no quarterly packages, no special purchase, no telephone use and canteen draw (to begin 01-11-07 and end 04-11-07); Inmate was counseled and reprimanded.

Classification: Referred to UCC for program review.

| REFERRED TO ☐ CLASSIFICATION ☐ BPT/NAEA | | | | |
|---|---|---|---|---|
| ACTION BY: (TYPED NAME) | | SIGNATURE | DATE | TIME |
| J. Celaya, Lieutenant | | ► | | |
| REVIEWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE | |
| ► G. Ponder, Captain | | ► M. Moore | | |
| ☐ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) ► | | DATE | TIME |

CDC 115 (7/88)

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS

## SERIOUS RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| T-13462 | FOSSELMAN | C.C.R. §3005(b) | 12/26/06 | S.V.S.P. | C-06-12-0413 |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT ☐ YES ☒ NO

### POSTPONEMENT OF DISCIPLINARY HEARING

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| I DO NOT REQUEST my hearing be postponed pending outcome of referral for prosecution. | ▶ N/A | |
| I REQUEST my hearing be postponed pending outcome of referral for prosecution. | ▶ N/A | |

| DATE NOTICE OF OUTCOME RECEIVED | DISPOSITION |
|---|---|
| | N/A |

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| I REVOKE my request for postponement. | ▶ N/A | |

### STAFF ASSISTANT

| STAFF ASSISTANT | | INMATE'S SIGNATURE | DATE |
|---|---|---|---|
| ☐ REQUESTED | ☐ WAIVED BY INMATE | ▶ | |
| ☐ ASSIGNED | DATE / NAME OF STAFF | | |
| ☒ NOT ASSIGNED | REASON Due to ... | | 1.9 C.P. |

### INVESTIGATIVE EMPLOYEE

| INVESTIGATIVE EMPLOYEE | | INMATE'S SIGNATURE | DATE |
|---|---|---|---|
| ☐ REQUESTED | ☐ WAIVED BY INMATE | ▶ | |
| ☐ ASSIGNED | DATE / NAME OF STAFF | | |
| ☒ NOT ASSIGNED | REASON Due to ... | | |

EVIDENCE / INFORMATION REQUESTED BY INMATE:

### WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)

☐ REPORTING EMPLOYEE  ☐ STAFF ASSISTANT  ☐ INVESTIGATIVE EMPLOYEE  ☐ OTHER _____  ☒ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| | ☐ | ☐ | | ☐ | ☐ |
| | ☐ | ☐ | | ☐ | ☐ |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

| INVESTIGATOR'S SIGNATURE | | DATE |
|---|---|---|
| ▶ | | |

| | BY: (STAFF'S SIGNATURE) | TIME | DATE |
|---|---|---|---|
| ☒ COPY OF CDC 115-A GIVEN INMATE | ▶ | 0715 | 1/7/07 |

CDC 115-A (7/88)

*— If additional space is required use supplemental pages —*

OSP 03 7

602 GRIEVANCE FORWORDED TO
WARDEN ON 12·28·06

# Exhibit

B.

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE
APPEAL FORM**
CDC 602 (12/87)

Location: SVSP-C   Institution/Parole Region 1 _____   Log No. 07-00362   Category 1 _____ CAZ

2. _____   2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

Yard Scheduling / access

| NAME FOSSELMAN, Lorenzo | NUMBER K13462 | ASSIGNMENT N/A | UNIT/ROOM NUMBER C-8 127 |

A. Describe Problem: On 12-28-06 My Building C-8 was Schedutad for Afternoon yard during yard release % Bently instructed C.O. Hernandez not to release me. I have not recieved an RVR. disposition restricting Any loss of program (I have not violated no rules. As per the title 15) to justify restricting my program arbitrarily.

I went And No Hearing, recieved No Lock up order"

If you need more space, attach one additional sheet.

B. Action Requested: To BE afforded my privileges that I have coming. To cease being singled out and harassed or to be afforded due process, if my privleges are going To be restricted.

Inmate/Parolee Signature: Fosselman L   Date Submitted: 12-28-06

C. INFORMAL LEVEL (Date Received: 01/13/07 )   2203   Complete

Staff Response: DENIED. You FAILED TO successfully THE INTERVIEW PROCESS ON 12/27/06, 12/26/06 & 01/05/07. You RECIEVED A 128B EXPLAINING EVERYTHING.

Staff Signature: Sgt. M Archuleta   Date Returned to Inmate: 01/13/07

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

I'm dissatisfied because the general population is on Normal program, and has been, yet I'm continually being denied acces To Anytype of fresh air or exercise period, which is beginning To place both my physical and mental health in Jeopardy.

Signature: Fosselman   Date Submitted: 1-23-07

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: _____

REC'D JAN 24 2007

Disposition of RVR
Log # C06·12·0043

# Exhibit

C

STATE OF CALIFORNIA                                    DEPARTMENT OF CORRECTIONS

RULES VIOLATION REPORT - PART C                              PAGE  1  OF  2

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| P-13462 | Fosselman | C06-12-0043 | SVSP | 01-11-06 |

☐SUPPLEMENTAL   ☐CONTINUATION OF:   ☐CDC 115 CIRCUMSTANCES   ☒HEARING   ☐I.E. REPORT   ☐OTHER

**Hearing:** Hearing commenced on 1-11-07 at 1000 hours.

**Inmate's Health:** Inmate Fosselman stated his health was good and that he was ready to proceed with the hearing. I introduced myself as the SHO and explained the hearing procedures.

**MHSDS:** Inmate Fosselman is not a participant in the Mental Health Services Delivery System

Date of discovery: 12-26-06                     Initial RVR copy issued on: 1-05-07
Hearing Completed on: 1-11-07                   Last document issued to Inmate on: 1-05-07
D.A. Postponed date: N/A                        Date D.A. results issued: N/A

**Time Constraints:** All time constraints have been met pursuant to CCR§ 3320. Inmate Fosselman acknowledged receiving all documents used for this hearing 24 hours prior to the hearing.

**Staff Assistant (SA):** Inmate Fosselman (GPL 12.9) does not meet the criteria for the assignment of a staff assistant per CCR§3315.

**Investigative Employee (IE):** Inmate Fosselman does not meet the criteria for the assignment of an Investigative Employee

**D.A. Referral:** This matter was not eferred to the Monterey County Attorney's Office.

**Evidence Requested or Used:** Inmate Fosselman did not request that evidence be produced for this hearing at the time he was issued a copy of the CDC-115A.

**Video Tape Evidence:** No video tape evidence was utilized in the adjudication or fact-finding process of this CDC-115 Rules Violation Report.

**Inmate Plea and Statement:** Inmate Fosselman entered a plea of, "Not Guilty," stating, "I don't know nothing. I know my program expectation."

**Witnesses Requested or Provided:** Inmate Fosselman did not request that any staff or inmate witnesses be produced for this hearing.

**Witness Testimony at Hearing:** No witnesses were requested or granted by the SHO.

**Confidential Information:** Confidential information was not used in the adjudication of this 115.

**Findings:** Inmate Fosselman is found **guilty** of the charged offense of violating CCR§ 3005(b); for the specific act of, "Recurring failure to meet program expectation," a Division 'F' offense (CCR§ 3323(f)(3)). The evidence used to render this finding included:

    1.) Rules Violation Report authored by Correctional Officer B. Chavez, which states in part, "Rules Violation Report authored by Correctional Officer B. Chavez, which states in part, "On 12/22/06, at approximately 1030 hours...you Inmate Fosselman, (V-33939, C8-127), failed to participate in the facility interviews. Interviews are designed to gather information and assist the administration with returning the facility to normal program...On 12/26/06, you were instructed to interview and again failed to comply..."

| SIGNATURE OF WRITER | | TITLE | | DATE NOTICE SIGNED |
|---|---|---|---|---|
| J. Celaya | | Correctional Lieutenant | | 1/24/07 |
| COPY OF CDC-115-C GIVEN TO INMATE | GIVEN BY: (STAFF'S SIGNATURE) | | DATE SIGNED: 02/06/07 | TIME SIGNED: 800 |

STATE OF CALIFORNIA
RULES VIOLATION REPORT - PART C

DEPARTMENT OF CORRECTIONS
PAGE   2   OF   2

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| P-13462 | Fosselman | C06-12-0043 | SVSP | 01-11-06 |

☐SUPPLEMENTAL    ☐CONTINUATION OF:    ☐CDC-115 CIRCUMSTANCES    ☒HEARING    ☐I.E .REPORT    ☐OTHER

Base on the aforementioned facts, this SHO finds the preponderance of the evidence has been met to render and sustain a finding of guilt on the charged offense of violating CCR§ 3005(b); specifically, "Recurring Failure to Meet Program Expectations," a Division 'F' offense (CCR§3323(h)(3)).

**Additional Disposition:** None.

**Enemy Concerns:** There are no enemy concerns related to this disciplinary hearing.

**Appeal Rights:** Inmate Fosselman was advised that the disposition of this Rules Violation Report would not become final until approved by the Chief Disciplinary Officer, at which time he will receive a final copy of the completed CDC-115. He was also advised of his rights to appeal the findings of this hearing, the methods of appealing, and credit restoration rights pursuant to CCR§ 3327 & 3328, governing the restoration of forfeited credits.

| SIGNATURE OF WRITER | TITLE | DATE NOTICE SIGNED |
|---|---|---|
| J. Cclaya | Correctional Lieutenant | 1 24 07 |
| COPY OF CDC-115-C GIVEN TO INMATE | GIVEN BY: (STAFF'S SIGNATURE) | DATE SIGNED: 02/06/07 | TIME SIGNED: 1800 |

STATE OF CALIFORNIA

## NOTICE OF CLASSIFICATION HEARING

DEPARTMENT OF CORRECTIONS

**CDC 128 - B1 (Rev 2/95)**

| INMATE NAME | CDC NUMBER | TODAY'S DATE |
|---|---|---|
| Fosselman | P-13462 | 1-11-07 |

YOU WILL APPEAR BEFORE A CLASSIFICATION COMMITTEE ON_____FOR CONSIDERATION OF A
MAJOR PROGRAM CHANGE AS FOLLOWS:

| | TRANSFER | | INCREASE IN CUSTODY | | ASSIGNMENT TO SECURITY HOUSING |
|---|---|---|---|---|---|
| | REMOVAL FROM PROGRAM | X | OTHER_____ Program Refview | | |

REASON:

On 1-11-07, you were found guilty of Rules Violation Report Log #C06-12-0043 for the specific act of "Recurring Failure to Meet Program Expectations."

STAFF NAME

ROUTING INSTRUCTIONS: ORIGINAL - CLASSIFICATION COMMITTEE     COPY - INMATE

**NAME:** Fosselman  **CDC#** P-13462  **HOUSING:** C8-127  **CDC 128-B**

Inmate Fosselman's P-13462, privileges are suspended pursuant to the disposition of CDC-115 RVR, Log Number C06-12-0043, and in accordance with CCR§ 3314(f)(5)(I). As a result of this action, Inmate Fosselman is subject to the conditions described in CCR§ 3314(e)(2) and his privileges and non-privileges are as follows: **A)** No telephone calls, except on an emergency basis, **B)** No special purchases, **C)** No quarterly packages, **D)** No yard or RDO yard access, **E)** ¼ Canteen Draw; Loss of privileges is for **90 Days,** from 01-12-07 until 04-12-07.

Original:  **Central Records**
Cc:  **Facility 'C' Captain**
 **Property Room Officer**
 **Canteen Manager Officer**
 **Housing Unit**
 **Writer**
 **Inmate**

**J. Celaya**
**Senior Hearing Officer**
**Facility 'C' Lieutenant**
**Salinas Valley State Prison**

DATE: 01-11-07            (Notice of 90 Days Loss of Privileges)

Rules Violation Report
LOG # C-06-12-0043

# Exhibit



STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

## RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| P-13462 | FOSSELMAN | | 10/17/69 | S.V.S.P. | C8-130 | C07-01-0044 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | | LOCATION | DATE | TIME |
|---|---|---|---|---|---|
| C.C.R. §3005(b) | Recurring Failure to Meet Program Expectations | Fac "C" Build. 8 | 01/19/07 | 1000 Hrs. |

CIRCUMSTANCES On 01/19/07, you Inmate FOSSELMAN, (P-13462, C8-223) failed to participate in the facility interviews. Interviews are designed to gather information and assist the administration with returning the facility to a normal program. By failing to interview the administration is unable to determine the threat you pose to other inmates and or staff and or your having information relative to the incident (criminal/gang activity which occurred) that requires the interview process per D.O.M. 55015 Un-lock Protocol. Based on this it appear that you are promoting the activity of organized criminal/gang/disruptive group activity, which occurred that required an investigation/interview process to be implemented. As a general population inmate you are expected to comply with departmental policy, rules and regulations as well as institutional procedures, state and federal laws. By failing to participate in the interview process, you are willfully indicating that you may have information and could actively be participating and promoting in organized criminal gang/disruptive group activity. You were non-receptive to counseling. On 01/19/07, you were instructed to interview and again failed to comply. Based on the nature of the incident and your refusal to participate in the review process, you are promoting organized criminal gang/disruptive group activity. You are instructed to comply with the interview process. Failure to do so will continue to result in progressive discipline. Inmate FOSSELMAN [is] a participant in the Mental Health Services Delivery System at the CCCMS level of care and is aware of this report.

| REPORTING EMPLOYEE (Typed Name and Signature) | | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|---|
| ► J. Mensing, Correctional Sergeant | (4) | 2-7-07 | "C" Program Sergeant | T/W |

| REVIEWING SUPERVISOR'S SIGNATURE | | DATE | ☐ INMATE SEGREGATED PENDING HEARING | | |
|---|---|---|---|---|---|
| ► | | 2/7/07 | DATE | LOC. | |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | | HEARING REFERRED TO |
|---|---|---|---|---|---|
| ☐ ADMINISTRATIVE<br>☒ SERIOUS | F | 2/7/07 | R. Boccella | | ☐ HO  ☒ SHO  ☐ SC  ☐ FC |

| COPIES GIVEN INMATE BEFORE HEARING | | | | | |
|---|---|---|---|---|---|
| ☒ CDC 115 | BY: (STAFF'S SIGNATURE)<br>► | DATE<br>2/9/07 | TIME<br>0815 | TITLE OF SUPPLEMENT | |
| ☐ INCIDENT REPORT<br>LOG NUMBER: | BY: (STAFF'S SIGNATURE)<br>► | DATE | TIME | BY: (STAFF'S SIGNATURE)<br>► | DATE   TIME |

**HEARING**

Plea: The charges were read aloud as written to Inmate Fosselman, who acknowledged understanding the charges and entered a plea of Not Guilty.

Findings: Inmate Fosselman was found Guilty of violating CCR§ 3005(b); specifically, "Recurring Failure to Meet Program Expectations," a Division "F" offense (CCR§ 3323(h)(3)).

Disposition: Assessed 0 days forfeiture of behavioral credits, due to time constraint not being met. Assessed 60 days loss of privileges: ½ canteen draw, no quarterly packages, no special purchase and no telephone use (to begin 02-22-07 and end 05-22-07); Inmate was counseled, warned and reprimanded.

Classification: Referred to UCC for program review.

Disposition continued on CDC 115-C

| REFERRED TO ☐ CLASSIFICATION  ☐ BPT/NAEA | | | | | |
|---|---|---|---|---|---|
| ACTION BY: (TYPED NAME)<br>E. Moore, Lieutenant | | SIGNATURE<br>► | | | DATE<br>3/6/07 | TIME<br>1715 |
| REVIEWED BY: (SIGNATURE)<br>► G. Fender, Captain | DATE<br>3/7/07 | CHIEF DISCIPLINARY OFFICER'S SIGNATURE<br>► M. Moore | | | DATE<br>3-9-07 |
| ☐ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | | BY: (STAFF'S SIGNATURE)<br>► | | | DATE<br>3-13-07 | TIME<br>1530 |

CDC 115 (7/88)

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS

## SERIOUS RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S) | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| P-13462 | FOSSELMAN | C.C.R. §3005(b) | 01/19/07 | S.V.S.P. | C07-01-0044 |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT ☐ YES ☒ NO

### POSTPONEMENT OF DISCIPLINARY HEARING

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| I DO NOT REQUEST my hearing be postponed pending outcome of referral for prosecution. | ▷ N/A | |
| I REQUEST my hearing be postponed pending outcome of referral for prosecution. | ▷ N/A | |

| DATE NOTICE OF OUTCOME RECEIVED | DISPOSITION |
|---|---|
| | N/A |

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| I REVOKE my request for postponement. | ▷ N/A | |

### STAFF ASSISTANT

| STAFF ASSISTANT | | INMATE'S SIGNATURE | DATE |
|---|---|---|---|
| ☐ REQUESTED | ☐ WAIVED BY INMATE | ▷ | |
| ☐ ASSIGNED | DATE | NAME OF STAFF | |
| ☑ NOT ASSIGNED | REASON *DNMC    per Title 15 CCR 3315* | | |

### INVESTIGATIVE EMPLOYEE

| INVESTIGATIVE EMPLOYEE | | INMATE'S SIGNATURE | DATE |
|---|---|---|---|
| ☐ REQUESTED | ☐ WAIVED BY INMATE | ▷ | |
| ☐ ASSIGNED | DATE | NAME OF STAFF | |
| ☑ NOT ASSIGNED | REASON *DNMC   per Title 15 CCR 3315* | | |

EVIDENCE / INFORMATION REQUESTED BY INMATE:

### WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)

☒ REPORTING EMPLOYEE   ☐ STAFF ASSISTANT   ☐ INVESTIGATIVE EMPLOYEE   ☐ OTHER _____   ☐ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| _Wilson_ | ☑ | ☐ | | ☐ | ☐ |
| | | | | ☐ | ☐ |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

| | INVESTIGATOR'S SIGNATURE | DATE |
|---|---|---|
| | ▷ | |

| ☑ COPY OF CDC 115-A GIVEN INMATE | BY: (STAFF'S SIGNATURE) ▷ | TIME 10:30 | DATE 1-27-07 |
|---|---|---|---|

CDC 115-A (7/88)                    If additional space is required use supplemental pages                    OSP 03 7404

Disposition of RVR
LOG#    C07-01-0044

# Exhibit

E

STATE OF CALIFORNIA                                              DEPARTMENT OF CORRECTIONS

RULES VIOLATION REPORT - PART C                                              PAGE   1   OF   3

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| P-13462 | Fosselman | C07-01-0044 | SVSP | 02-23-07 |

| ☐SUPPLEMENTAL | ☐CONTINUATION OF: | ☐CDC 115 CIRCUMSTANCES | ☒HEARING | ☐I.E. REPORT | ☐OTHER |
|---|---|---|---|---|---|

**Hearing:** The hearing convened on 02-22-07, at approximately 2000 hours when I introduced myself to Inmate Fosselman as the Senior Hearing Officer for this disciplinary and explained the hearing procedures. Fosselman stated he was in good health with normal hearing and vision. Fosselman stated that he understood the disciplinary charge of "Recurring Failure to Meet Program Expectations" and that he was prepared to begin the hearing.

**MHSDS:** Fosselman is a participant in the Mental Health Services Delivery System (MHSDS) at the Correctional Clinical Case Management System (CCCMS) level of care. The circumstances of the Rule Violation Report do not indicate that Fosselman exhibited any bizarre behavior that would raise concerns about his mental health. Based on this and pursuant to recent changes approved by the U.S. District Court in Coleman, a mental health assessment was not initiated. Consequently, a staff assistant was not deemed necessary.

| | |
|---|---|
| Date of discovery: 01-19-07 | Initial RVR copy issued on: 02-07-07 |
| Hearing completed on: 02-22-07 | Last document issued to inmate on: 02-07-07 |
| D.A. Postponed date: N/A | Date D.A. results issued: N/A |

**Due Process:** The disciplinary was not served on Fosselman within 15 days of discovery and the hearing has been held within 30 days of service. Fosselman received his copies of all documents more than 24 hours in advance of the hearing. Time constraints have not been met.

**Staff Assistant (SA):** Fosselman (GPL 12.9) does not meet the criteria for the assignment of a staff assistant per CCR§ 3315. Per the CDC-115-A, Fosselman has not requested SA assignment.

**Investigative Employee (IE):** An IE was not assigned as the issues are not complex and the available information is sufficient. Per the CDC-115-A, Fosselman has not requested IE assignment.

**D.A. Referral:** This matter was not referred to the Monterey County District Attorney's Office.

**Evidence Requested or Used:** Fosselman did not request that evidence be produced for this hearing at the time he was issued a copy of the CDC-115-A.

**Video and Photo Evidence:** No videotape or photo evidence was utilized in the adjudication or fact finding process of this CDC-115 Rules Violation Report.

**Inmate Plea and Statement:** Fosselman entered a plea of "Not Guilty" for the specific charge of "Recurring Failure to Meet Program Expectations."

In the hearing, Fosselman offered written testimony as evidence supporting his defense. Fosselman was informed that, once these documents were accepted as evidence, these would not be returned to him as they are part of the hearing documents and it is his responsibility to make any copies that he may require of his evidence. Fosselman stated that he understood. The evidence was accepted and marked Evidence in red letters across the top of the first and only page. This is my summary of this evidence: Fosselman claims that he is not guilty based on the following information; Fosselman says that Sergeant J. Mensing came to his cell and asked him participate in an interview. Fosselman claims that Mensing offered to reward him with his quarterly package in exchange for his participation. Fosselman admits that he refused to participate in the interview but insists that he didn't realize he was violating rules and regulations in doing so.

**Request for Witnesses:** Fosselman requested the presence of RE Sergeant J. Mensing as a witness. SHO granted the requested witness. No witnesses were requested by the SHO.

| SIGNATURE OF WRITER | | TITLE | DATE NOTICE SIGNED |
|---|---|---|---|
| E. Moore | | Correctional Lieutenant | 3/6/07 |
| COPY OF CDC-115-C GIVEN TO INMATE | GIVEN BY: (STAFF'S SIGNATURE) | DATE SIGNED: | TIME SIGNED: |

STATE OF CALIFORNIA
RULES VIOLATION REPORT - PART C

DEPARTMENT OF CORRECTIONS

PAGE   2   OF   3

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| P-13462 | Fosselman | C07-01-0044 | SVSP | 02-23-07 |

☐SUPPLEMENTAL   ☐CONTINUATION OF:   ☐CDC 115 CIRCUMSTANCES   ☑HEARING   ☐I.E. REPORT   ☐OTHER

**Witness Testimony at Hearing:** Correctional Sergeant J. Mensing provided the following testimony in the hearing: Fosselman was ordered to participate in a threat assessment interview. Fosselman refused to obey this order. Fosselman was informed that he would be eligible to receive a quarterly package, in accordance with policy and procedures, if he met program expectations. Fosselman was also told that he must participate in the threat assessment interview in order to meet program expectations. Mensing indicated that he was only explaining the policy and procedures to Fosselman and denied using Fosselman's quarterly package as a reward.

Fosselman provided this additional testimony concerning the offense in the hearing: Fosselman admitted that he had refused to participate in this threat assessment interview and previous threat assessment interviews before stating, "I don't have anything to say and I don't know anything about what happened."

**Confidential Information:** Confidential Information was not used in the adjudication of this 115.

**Findings:** Fosselman is found guilty of the charged offense of violating CCR§ 3005(b), for the specific act of, "Recurring Failure to Meet Program Expectations," a Division 'F' offense (CCR§ 3323(h)(3)). The evidence used to render this finding included:

1.) Rules Violation Report authored by Correctional Sergeant J. Mensing, which states in part, "On 01/19/07, you Inmate Fosselman, (P-13462, C8-130), failed to participate in the facility interviews. Interviews are designed to gather information and assist the administration with returning the facility to a normal program. By failing to interview the administration is unable to determine the threat you pose to other inmates and/or staff and/or your having information relative to the incident (criminal/gang activity which occurred) that requires the interview process per D.O.M. 55015 Un-lock Protocol. Based on this it appears that your are promoting the activity of organized criminal/gang/disruptive group activity, which occurred that required an investigation/interview process to be implemented. As a general population inmate you are expected to comply with departmental policy, rules and regulations as well as institutional procedures, state and federal laws. By failing to participate in the interview process, you are willfully indicating that you may have information and could actively be participating and promoting in organized criminal gang/disruptive group activity. You were non-receptive to counseling. On 01/19/07, you were instructed to interview and again failed to comply. Based on the nature of the incident and your refusal to participate in the review process, you are promoting organized criminal gang/disruptive group activity.

2.) On 01-11-07 Fosselman was previously found guilty of "Recurring Failure to Meet Program Expectations" a Rules Violation Report which was also generated as a direct result of Fosselman's failure to participate in the threat assessment interview and facility review process as outlined in D.O.M. 55015 Un-lock Protocol.

3.) The admission by Fosselman during testimony in the hearing, and Fosselman's written defense statement, that Fosselman refused to participate in the threat assessment interview.

4.) Fosselman has failed to provide a reasonable explanation that would preclude Fosselman's expected participation in a threat assessment interview. Fosselman argues that Sergeant Mensing utilized a quarterly package to entice his participation in the threat assessment interview but fails to provide a reasonable explanation as to why this would prevent Fosselman from participating in the interview. The most reasonable explanation is that Fosselman does not believe that he should be required to participate in the threat assessment interview and as a result, is simply refusing to interview.

| SIGNATURE OF WRITER | TITLE | DATE NOTICE SIGNED |
|---|---|---|
| E. Moore | Correctional Lieutenant | 3/6/07 |
| COPY OF CDC-115-C GIVEN TO INMATE | GIVEN BY: (STAFF'S SIGNATURE) | DATE SIGNED: | TIME SIGNED: |

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

RULES VIOLATION REPORT - PART C

PAGE __3__ OF __3__

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| P-13462 | Fosselman | C07-01-0044 | SVSP | 02-23-07 |

| ☐SUPPLEMENTAL | ☐CONTINUATION OF: | ☐CDC 115 CIRCUMSTANCES | ☒HEARING | ☐I.E REPORT | ☐OTHER |
|---|---|---|---|---|---|

Base on the aforementioned facts, this SHO finds the preponderance of the evidence has been met to render and sustain a finding of guilt on the charged offense of violating CCR§ 3005(b), specifically, "Recurring Failure to Meet Program Expectations," a Division "F" offense (CCR§3323 (h)(3)).

**Additional Disposition:** None.

**Enemy Concerns:** There are no enemy concerns related to this disciplinary hearing.

**Appeal Rights:** Fosselman was advised that the disposition of this Rules Violation Report would not become final until approved by the Chief Disciplinary Officer at which time he will receive a final copy of the completed CDC-115. Fosselman was also advised of his right to appeal the findings of this hearing, the methods of appealing, and credit restoration rights pursuant to CCR§ 3327 & 3328, governing the restoration of forfeited credits.

| SIGNATURE OF WRITER | | TITLE | DATE NOTICE SIGNED |
|---|---|---|---|
| E. Moore | | Correctional Lieutenant | 3/6/07 |
| COPY OF CDC-115-C GIVEN TO INMATE | GIVEN BY: (STAFF'S SIGNATURE) | DATE SIGNED: | TIME SIGNED: |

Not Guilty

WRITTEN STATEMENT TO 115 CO7-01-0044

On 1-19-07 SGT J. Mensing, Accompanyed by C.O E. Hernandez did come to my cell looking for me, when I spoke to him he told me he had a package, that was mine, in the dinning hall, And he would go get it for me if I came out and interviewed with him.

At that time I declined, True, But I wasn't aware that I was breaking any rule, I was never given a direct order, to interview I interpreted the statement SGT mensing made to mean, that he would be rewarding me, if I came into the office, An anwsered questions about incidents to which I know nothing about.

My cell mate ~~overheard~~ overheard the conversation, as well as A few other prisoners in near by cells Also C.O Hernande was standing right there.

For the record, If during these ~~proceedings~~ proceedings, Any staff member would like to ask me any questions, your welcome to, "I am not aware of any prison rumors, I have not been a suspect, witness or victim, to nothing, And I will not fabricate anything for special favors.

To these charges I plead not Guilty
respectfully
Fosselman, L. P13462

2-15-07

alifornia Department of Corrections and Rehabilitation                                        Salinas Valley State Prison

# M E M O R A N D U M



Date:   February 17, 2007

To:   G. Ponder
      Captain, Facility C
      Salinas Valley State Prison

Subject: RVR LOG# C07-01-0044 PROGRAM EXPECTATIONS

On 2/6/07 I was assigned to hear this RVR involving Inmate Fosselman P13462. On 2/6/07 I reviewed the RVR and found serious typing error had been made which would adversely affect the pending hearing. I returned the RVR and had it amended. The RVR was corrected and reissued to Fosselman on 2/7/07 outside of the 15 day issuance time frame. As a direct result, time constraints were lost in this matter. On 2/22/07 at approximately 2000 hours the hearing was completed and forwarded for processing.

E. Moore
Lieutenant, Facility C
Salinas Valley State Prison

STATE OF CALIFORNIA                                                                    DEPARTMENT OF CORRECTIONS

# NOTICE OF CLASSIFICATION HEARING
CDC 128 - B1 (Rev 2/95)

| INMATE NAME | CDC NUMBER | TODAY'S DATE |
|---|---|---|
| Fossleman | P-13462 | 2-22-07 |

YOU WILL APPEAR BEFORE A CLASSIFICATION COMMITTEE ON_____FOR CONSIDERATION OF A
MAJOR PROGRAM CHANGE AS FOLLOWS:

| | TRANSFER | | INCREASE IN CUSTODY | | ASSIGNMENT TO SECURITY HOUSING |
|---|---|---|---|---|---|
| | REMOVAL FROM PROGRAM | X | OTHER____ Program Review | | |

REASON:

On 2-22-07, you were found guilty of Rules Violation Report Log #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 for the specific act of "Recurring Failure to Meet Program Expectaions."

| STAFF: NAME | | |
|---|---|---|
| E. Moore | | Lieutenant |

ROUTING INSTRUCTIONS: ORIGINAL - CLASSIFICATION COMMITTEE      COPY - INMATE

~ prisoner Request ~

To ~~Appeals Coordinator~~                    FR: ~~Rosselleneck~~ P13462
                                                 ~~C/8 130~~

I'm yet To Recieve Appeal Log # C-07-01304
which was due on 5-1-07. upon information
& Belief you personally completed it at the 2nd level
on or about 4-18-07.
          This is my 2nd Request, I do need
this Appeal returned for Exhaustion purposes.
          I'm Respectfully Requesting This
          matter Be checked into with Secretarial
Staff. If for Some reason Appeal was
destroyed. please provide me with a
True Copy. So I can proceed.

                              Respectfully
                              Rosell ___ . A13462
5-8-07                             C/8 130

CC: Warden                    RECEIVED MAY 09 2007
    Writer's file
    Legal aid of Monterey County.

    Staff Response: _____
    _____
    _____

(3) DIRECTOR LEVEL Appeal DECISIONS
from PETITIONER ; é 2 OTHER PRISONERS
   SimilaRY CIRCUMSTANCED

CONFIRMING there's NO Rule OR
Regulation. that allows STAFF To
discipline an PRISONER for REFUSING TO
Speak during an interview. OR FOR NOT
Signing a Compatibility/OR PROMISE TO
   BEHAVE CHRONO.

# Exhibit

F

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA  94283-0001

## DIRECTOR'S LEVEL APPEAL DECISION

Date:    JUN 2 0 2007

In re:    Fosselman, P-13462
Salinas Valley State Prison
P.O. Box 1020
Soledad, CA  93960-1020

IAB Case No.: 0612648        Local Log No.: SVSP  06-00362

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner K. J. Allen.  All submitted documentation and supporting arguments of the parties have been considered.

I    APPELLANT'S ARGUMENT:  It is the appellant's position that he is being unfairly discriminated against by custody staff on Facility "C" at Salinas Valley State Prison (SVSP).  The appellant claims he is not receiving access to inmate privileges.  The appellant claims that he has not violated any departmental rule that would restrict his programming opportunity.  The appellant also states he has not received a lock-up order restricting him from inmate privileges.  The appellant requests on appeal that his privileges be restored and that he stop being harassed and denied due process protections.

II    SECOND LEVEL'S DECISION:  The reviewer found that it is the responsibility of the institution's management to create and maintain as safe an environment for the staff and inmates as possible.  The reviewer found that it is the responsibility of the institution's management to create and maintain as safe an environment for the staff and inmates as possible.  The reviewer indicated that although it is unfortunate that violence within the institution exists, it is the responsibility of staff to ensure the security and the safety of all persons within the Department's charge.  The reviewer notes that the SVSP administration has acted in a responsible fashion to attempt to return Facility "C" to normal program.  However, the assessment of available information gathered and the continuing violent acts committed and/or attempted by the inmate population indicates that staff cannot safely return the entire inmate population to normal program at this time.  The use of classification committees, file reviews, the Investigative Services Unit, the Institutional Gang Investigators, and searches are all critical components to change Facility "C" into a positive programming facility.  Additionally, inmates are required to participate in the facility interviews.  The reviewer notes that the appellant failed to participate in facility interviews on December 26 and 27, 2006, and January 5, 2007; for which, the appellant has received progressive discipline.  All departmental policies on the prevention of disorders were appropriately followed by staff.  The appellant was reminded that each inmate is being addressed as an individual to determine the individual's commitment to non-violence.  Due to the appellant's refusal to cooperate in the interview process, the facility managerial staff are unable to ascertain the threat level of the appellant and the threat level other inmates may have on the appellant.  Thus, the appellant remains on modified program for the safety of the appellant, staff, and other inmates.  Based on the above, the appeal was partially granted at the Second Level of Review in that the appellant is being provided privileges in accordance with his housing needs.  Also, the appellant will not be harassed by any staff member.

III    DIRECTOR'S LEVEL DECISION:  Appeal is denied.

A.  FINDINGS:  It is standard practice in the Department to place a facility on modified program after major disturbances.  It is also appropriate for staff to question the inmate population to ascertain the current safety of staff and other inmates on the facility.  Pursuant to departmental regulations, institutional security takes precedence over all other program operations.  Individual wardens are required to establish operating procedures to ensure the safety and security of the institution, staff, and inmates.

FOSSELMAN, P-13462
CASE NO. 0612648
PAGE 2

There is no regulation that allows staff to discipline an inmate for refusing to speak during an interview or for not signing a compatible/or promise to behave chrono. However, the appellant has failed to supply sufficient evidence that he has been unfairly punished or that staff have violated departmental regulations. The institution has taken the position that when an individual refuses cooperate during an interview process, it is a possible indication of the individual's intent to continue existing violent behavior. This is a possible safety concern for the facility and institution. If administrative custody staff are unable to ascertain the threat status an individual inmate possess to staff and other inmates, the inmate will remain on modified program status. This practice is consistent with departmental regulations and the incremental lock and unlock process outlined in the CDC Operations Manual Section.

The appeal has been thoroughly reviewed by the appeals examiner. In this case, the appellant has failed to support his claims that the administrative staff at SVSP have violated established departmental rules and regulations. Institution staff are not punishing inmates for refusing to participate in an interview. They are simply not allowing inmates with unknown security concerns from programming with the rest of the inmate population on Facility "C." Relief at the Director's Level of Review is unwarranted. It should be noted that inmates are not mandated to provide information to assist staff in gathering facts about any incident. However, inmates are required to obey orders, to submit to cell and body searches, and to be questioned relative to their safety and involvement, or face possible disciplinary action.

**B.  BASIS FOR THE DECISION:**
California Code of Regulations, Title 15, Section: 3001, 3005, 3270, 3271, 3291, 3300, 3380, 3391

**C.  ORDER:** No changes or modifications are required by the institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:    Warden, SVSP
       Appeals Coordinator, SVSP

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

## DIRECTOR'S LEVEL APPEAL DECISION

Date:    JUN 1 2 2006

In re:    Gay, E-22575
          Salinas Valley State Prison
          P.O. Box 1020
          Soledad, CA 93960-1020

IAB Case No.: 0511923          Local Log No.: SVSP 05-04149

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner J. G. Arceo, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

I    APPELLANT'S ARGUMENT:    It is the appellant's position that the Department's decision to suspend program privileges to inmates during the current Facility "C" lockdown is punitive and a violation of departmental policy. He requests permanent disbanding of the policies that have no penological interests that have been implemented on Facility "C".

II    SECOND LEVEL'S DECISION:    The reviewer found that departmental rules require that institutional security and the safety of persons shall take precedence over all other considerations. Facility programs and services may be temporarily suspended or modified due to institutional security needs, but will be reviewed as needed. Those services or programs will be reinstated at the appropriate time and review. A comprehensive assessment of the incident must be made before returning the institution to normal programming to reduce the potential for further violence or additional disturbance. Procedures such as the interview process and incremental releases as well as other tools have been implemented to assist managers in maintaining the safety of staff, inmates, and public safety. At the time of the July 14, 2005, incident on Facility "C" in which two Correctional Officers were almost killed information received indicated that violence may not have been contained to the Facility "C". Since the original incident information gleaned from interviews, received from family members, mail, and anonymous notes, and the violent acts committed and attempted to be committed, have precluded the administration from safely returning the entire facility to normal program.

A review process is currently being used to determine which inmates can program with a high probability of nonviolence. Those inmates who have been deemed able to program will be released with a secession of reviews continuing with the remaining inmates. Those inmates who are designated as either Level III or meeting 270 design criteria have been released based on the above interview process. Some inmates who have been designated as meeting 180 design criteria have also been released. The appellant will be reviewed as to his probability to program and will be released accordingly.

Further, an anger management educational component of the unlock process will be implemented elements and additional measures to help ensure the safest environment for staff and inmates. Salinas Valley State Prison (SVSP) administration and management are committed to creating and maintaining a safe environment for staff and inmates as humanly possible.

III    DIRECTOR'S LEVEL DECISION:    Appeal is denied.

A.    FINDINGS:    It is standard practice in the Department to place a facility on modified program after major disturbances. It is also appropriate for staff to question the inmate population to ascertain the current safety of staff and other inmates on the facility. Pursuant to departmental regulations, institutional security takes precedence over all other program operations. Individual wardens are required to establish operating procedures to ensure the safety and security of the institution, staff, and inmates.

There is no regulation that allows staff to discipline an inmate for refusing to speak during an interview or for not signing a compatibility/or promise to behave chrono. However, the appellant has failed to supply sufficient evidence that he has been unfairly punished or that staff have violated departmental

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

## DIRECTOR'S LEVEL APPEAL DECISION

Date: JUN 1 2 2006

Salinas Valley State Prison
P.O. Box 1020
Soledad, CA 93960-1020

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner J. G. Arceo, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

I   APPELLANT'S ARGUMENT:   It is the appellant's position that the current modified program on Facility "C" is being used by Facility Captain Ponder to authorize his subordinate staff to retaliate against any inmate who voluntarily refuses to participate in the forced interviews. He contends that program privileges such as receiving personal property and contact visits are being intentionally denied. The appellant requests to have all of his privileges and credit earning status reinstated. Further, he wants monetary compensation to cover the travel expenses his family has incurred when forced to have non-contact visits.

II  SECOND LEVEL'S DECISION:   The reviewer found that departmental rules require that institutional security and the safety of persons shall take precedence over all other considerations. Facility programs and services may be temporarily suspended or modified due to institutional security needs, but will be reviewed as needed. Those services or programs will be reinstated at the appropriate time and review. A comprehensive assessment of the incident must be made before returning the institution to normal programming to reduce the potential for further violence or additional disturbance. Procedures such as the interview process and incremental releases as well as other tools have been implemented to assist managers in maintaining the safety of staff, inmates, and public safety. At the time of the July 14, 2005, incident on Facility "C" in which two Correctional Officers were almost killed information received indicated that violence may not have been contained to that facility. Since the original incident information gleaned from interviews, received from family members, mail, and anonymous notes, and the violent acts committed and attempted to be committed, have precluded the administration from safely returning the entire facility to normal program.

The CDC Form 128-B, General Chrono is being used as an administrative tool to identify those inmates who want to program and it is another part of the critical process into transitioning Facility "C" into a programming facility. The CDC Form 128-B is being used in addition to the classification committee's hearings, continuing intelligence gathered by the Investigative Services Unit, interviews, central file reviews, and searches. Restriction of privileges including canteen, is another part of this process.

The appellant is reminded that each individual inmate is being addressed on a case-by-case basis to determine that inmate's commitment to nonviolence. While the appellant argues that the CDC Form 128-B should not be necessary, this chrono is appropriate and holds each inmate accountable for their own actions as opposed to punishing the entire group. An inmate's refusal to sign the CDC Form 128-B is a possible indication of being noncooperative and therefore, not contributing to the goal of nonviolence, and could indicate a safety concern and a need for closer review of his housing and program needs.

Further, an anger management educational component of the unlock process will be implemented elements and additional measures to help ensure the safest environment for staff and inmates. Salinas Valley State Prison (SVSP) administration and management are committed to creating and maintaining a safe environment for staff and inmates as humanly possible.

III DIRECTOR'S LEVEL DECISION:   Appeal is denied.

   A.  FINDINGS:  It is standard practice in the Department to place a facility on modified program after major disturbances. It is also appropriate for staff to question the inmate population to ascertain the



PAGE 2

current safety of staff and other inmates on the facility. Pursuant to departmental regulations, institutional security takes precedence over all other program operations. Individual wardens are required to establish operating procedures to ensure the safety and security of the institution, staff, and inmates.

There is no regulation that allows staff to discipline an inmate for refusing to speak during an interview or for not signing a compatibility or a promise to behave chrono. However, the appellant has failed to supply sufficient evidence that he has been unfairly punished or that staff have violated departmental regulations. The institution has taken the position that when an individual refuses to sign a compatibility chrono or speak during an interview, it is a possible indication of the individual's intent to continue existing violent behavior. This is a possible safety concern for the facility and institution.

If administrative custody staff is unable to properly ascertain the threat an individual inmate poses to staff and other inmates, the inmate must remain on a modified program status. This practice is consistent with departmental regulations and the incremental lock and unlock process outlined in the CDC Operations Manual.

The appeal has been thoroughly reviewed by the appeals examiner. In this case, the appellant has failed to support his claims that the administrative staff at SVSP have violated established departmental rules and regulations. Institution staff are not specifically punishing inmates for refusing to sign a compatibility chrono or who fail to participate in an interview. Staff are properly reviewing the inmate's suitability for returning to normal programming due to an unusual security threat on the facility. Classification committees, thorough file reviews, unit and cell searches, and significant staff involvement are all critical components to positively program a facility in a safe and secure manner.

Facility staff members that require an inmate to sign the compatibility chrono are not abusing their authority in regards to departmental regulations. An inmate's signature on the CDC Form 128-B, shows his willingness to participate in the incremental unlock process without fomenting violence, and that he prefers to have his case factors appropriately reviewed to determine his individual commitment to program in a safe and positive environment for the duration of his incarceration.

Administration staff at SVSP are unwilling to risk returning inmates to normal programming with other inmates without any information regarding their individual security threat level. It should be noted that inmates are not mandated to provide information to assist staff in gathering facts about any incident. However, inmates are required to obey orders, to submit to cell and body searches, and to be questioned relative to their safety and involvement in any incident.

The appeals examiner notes that the appellant's has included numerous other appeal issues in this appeal; however, the institution acted within departmental policy in responding to the lockdown issues only. No relief at the Director's Level of Review is warranted.

B. BASIS FOR THE DECISION:
California Penal Code Section: 2079, 2601
California Code of Regulations, Title 15, Section: 3044, 3230, 3270, 3300, 3301, 3383

C. ORDER: No changes or modifications are required by the institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc: Warden, SVSP
Appeals Coordinator, SVSP

Marcus Q. Fossel man Jr.
#1131b2

Kern Valley STATE PRISON
A1 204 Po Box 5101
Delano Ca 93216

Kern Valley State Prison
Facility A, Building 1

RECEIVED

JUL 2 8 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Clerk
UNITED STATES DIST COURT
NORTHERN DIST OF CALIF
450 Golden Gate Ave
San Francisco CA 94102
94102

UNITED STATES POSTAGE

$ 05.05°
0004604192   JUL 25 2008
MAILED FROM ZIP CODE 93215

KVSP LEGAL MAIL

